## ACTION BASED ON DANGEROUS PLACE TO WORK.

Circuit Court of Cuyahoga County.

THE CLEVELAND STEEL CASTINGS COMPANY v. ANTONI
LEWANDOWSKI.*

Decided, March 25, 1907.

*Master and Servant—Negligence—Dangerous Condition—Knowledge.*

Where a servant's action for damages for injuries is predicated upon
the dangerous condition of the place where he was working, he
can not maintain his action without introducing some evidence
tending to prove that the master had knowledge of the condition
and that he did not.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Lewandowski was employed by the castings company as a
molder and was at work in its foundry on the night of January
24, 1905, when a large pile of flasks or forms, weighing about
two hundred pounds each, near which he was working, toppled
over and one of the flasks fell upon his leg and broke it. He
brought his action against the company claiming that his injury,
was due to its negligence, and alleging that the foreman of the
company had directed the flasks to be placed in his vicinity and
had carelessly and negligently ordered them to be placed on a
thick layer of sand, several feet in depth, which was wholly
insecure and unsafe, in such manner as to render them liable to
topple over and injure him.; that by reason of the weight of said
,forms the sand was caused to give away beneath them; that he
had no knowledge or notice of the insecure and unsafe condition
of the layer of sand upon which the forms rested, or that they
were liable to topple over upon him. The petition also shows
that Lewandowski had been in the employ of the company, as a
molder, for several months prior to the accident.

At the trial, upon the close of plaintiff's evidence, the defend-
ant moved that a verdict be directed in its favor.

*Affirmed without opinion, *Lewandowski* v. *Cleveland Steel Castings Co.,*
80 Ohio State, 704.

This motion being overruled, the defendant introduced no further evidence and the case went to the jury, which brought in a verdict for the plaintiff in the sum of $1,500. Motion for a new trial being overruled, the case is here on error, with bill of exceptions showing all the evidence, the sole allegation of error relied upon being that the verdict was not warranted by the evidence.

We find this claim well made.

While the plaintiff below, by his petition, brought himself within the rule laid down in the Norman case, 49 O. S., 598, he failed to prove that he had no knowledge of the insecure manner in which the flasks were piled, and he failed to show that having such knowledge, he informed his master, and continued in its employment, upon a promise, express or implied, to remedy the manner in which the flasks were piled.

This is not the full extent of what Lewandowski failed to show. There is no evidence in the bill of exceptions that the flasks were piled this night under any orders of the  foreman, that they were piled insecurely; that the company knew that they were piled insecurely; or that Lewandowski did not know they were so piled.

On the other hand, the evidence shows that the flasks were piled this night by his fellow employes, without any special orders from the foreman, in the manner they had always been piled; the plaintiff was working so near to them, that, skilled workman as he was, he must have known just how they were piled; the objects were large and the pile open to his observation. The nature of the sand foundation was as well known to the plaintiff as to anybody, and further, he failed to show that this sand foundation was insecure.

The plaintiff's own witnesses suggest another more probable cause for the accident and one which would not render the company liable. It appears that this molder's own helper dug down in the sand close to the pile, probably for the very purpose of causing the flasks to slide down so that he would not have to lift them or carry them so far, and that this act of his helper undermined the pile and caused it to fall. Such being the conflicting

nature of the evidence, under the rule laid down in the Andrews case, 58 O. S., 426, the matter should not have been submitted to the jury for it to guess upon. Because the verdict is not sustained by the evidence and for error in overruling the defendant's motion to direct a verdict in its favor, the judgment is reversed.